**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM HARDWRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01762-RHH |
| | ) | |
| TRANSUNION LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented Plaintiff Adam Hardwrict for leave to commence this action without prepayment of the required filing fee. Based on the financial information provided in the application, the application will be granted. Plaintiff's filing fee will be waived. *See* 28 U.S.C. § 1915(a). Furthermore, on initial review of Plaintiff's amended complaint, the Court will order Plaintiff to file a second amended complaint in accordance with the instructions below. *See* 28 U.S.C. § 1915(e)(2)(b).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted).

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.  When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true.  Furthermore, the Court liberally construes the allegations.

### The Amended Complaint

On December 10, 2025, the Court ordered Plaintiff to amend his complaint on a Court-provided form.  This amended complaint now is before the Court on initial review under 28 U.S.C. § 1915(e).

Plaintiff brings his claims against TransUnion LLC; Equifax Information Services LLC; Experian Information Solutions, Inc.; Cavalry Portfolio Services, LLC; Citibank N.A.; and Hopkins Management Group/Debt Co.  He describes TransUnion, Equifax, and Experian as consumer reporting agencies (CRAs).  He describes Cavalry Portfolio Services and Hopkins Management Group as debt collectors and furnishers of credit information, and Citibank N.A. as a furnisher of credit information.  He sues all Defendants for alleged violations of the Fair Credit Reporting Act (FCRA).

Plaintiff's statement of claim purports to answer the five questions asked on the form.  The Court quotes his allegations in their entirety.

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

1. Defendants reported and continued to report inaccurate and unverifiable credit information about plaintiff despite disputes

2. From 2023 through 2025, including after multiple written disputes

3. Through nationwide credit reporting systems affecting Plaintiff in St. Louis County, Missouri

4.    Credit damage, loan denials, higher interest rates, emotional distress, and financial harm

5.    Consumer reporting agencies failed to conduct reasonable reinvestigations and furnisher reported inaccurate information and failed to correct it after notice.

Am. Compl. at 7.

## Discussion

"Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Echols v. Cavalry Portfolio Servs., LLC*, No. 4:20-CV-1277-JAR, 2021 WL 426255, at *2  (E.D. Mo. Feb. 8, 2021) (internal quotation marks and citation omitted).  The FCRA places obligations on the CRAs and on furnishers of information to the CRAs.  *Id.*

Plaintiff alleges he reported "multiple written disputes" to Defendants, although he does not specify what disputes and to which Defendants he reported.  *See* Am. Compl. at 7.  Upon receiving Plaintiff's notice of a dispute, a CRA is obligated to conduct a reasonable investigation regarding the disputed investigation.  *Echols*, 2021 WL 426255 at *2.  It must promptly notify the furnisher of credit information of the dispute.  *See id.*.  To state a claim against furnishers of information under the FCRA, "a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation."  *Germany v. DAS Acquisition Co., LLC*, No. 4:25-CV-748-ZMB, 2026 WL 160869, at *4 (E.D. Mo. Jan. 21, 2026) (internal quotation marks and citation omitted).

Plaintiff's one-sentence responses are conclusory, and contain no supporting facts to meet these elements.  He does not specify, for example, which Defendant provided false information to a CRA; what information was false or how he disputed it; if the CRA gave notice of the dispute to

- 3 -

the furnishers; and what investigations occurred.  *See, e.g.*, *Germany*, 2026 WL 160869, at *4 (citing *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011) ("[T]he duties of . . . a furnisher of credit information under 15 U.S.C. § 1681s-2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer.")).  As such, Plaintiff has failed to allege a plausible cause of action against Defendants.

Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a cause of action.  *Iqbal*, 556 U.S. at 678.  Plaintiff has not alleged enough factual information to maintain an action under the FCRA.  Rather than dismiss Plaintiff's complaint, the Court will allow him to amend.

### Instructions for Amending the Complaint

Plaintiff shall file his second amended complaint on the enclosed form in accordance with the following instructions:

1. **Caption.**  In the "Caption" section, Plaintiff must:

   - Provide the case number as it appears on this Order.

   - List the full names of all individuals or entities he intends to sue.

2. **Statement of Claim.**  The "Statement of Claim" section must include:

   - A short and plain statement of the factual allegations supporting each claim.  *See* Fed. R. Civ. P. 8(a).

   - Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances.  *See* Fed. R. Civ. P. 10(b).

   - A clear explanation of how each Defendant's actions or omissions violated Plaintiff's rights.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted)

(stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

- Facts establishing each Defendant's involvement in the alleged violations.

- Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (internal quotation marks and citation omitted) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").

3.      **Joinder.**  If Plaintiff names multiple Defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different Defendants must be filed as separate lawsuits.  However, if Plaintiff names only a single Defendant, he may assert as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a).

4.      **Effect.**  The second amended complaint will completely replace the prior amended complaint.  Any claims not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Telephone Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

5.      **Signature.**  Plaintiff must fully complete and sign the second amended complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's application to proceed in district court without prepaying fees and costs.  Additionally, the Court orders Plaintiff to file a second amended complaint on the Court-provided form in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Plaintiff must file a second amended complaint in accordance with the instructions above.  The Clerk of Court shall mail Plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for status of pending motion to proceed in forma pauperis (ECF No. 6) is **DENIED** as moot.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case, without prejudice and without further notice.**

Dated this 16th day of April, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

- 6 -